RECEIVED
JUN 16 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| KIM ALLEN SELLERS<br>Individually and as Administrator<br>and/or Representative of<br>Jonathan Robert Sellers Estate<br>EVELYN SELLERS<br>Individually and as Administratrix<br>and/or Representative of<br>Jonathan Robert Sellers Estate | CIVIL ACTION NO. 05-2244 |
| VERSUS | JUDGE MELANÇON |
| SHERIFF'S OFFICE OF LAFAYETTE PARISH<br>MICHAEL W. NEUSTROM<br>Individually and as Sheriff for Lafayette Parish<br>ROB REARDON<br>Individually and as Director of Corrections for the Lafayette<br>Parish Sheriff's Office | MAGISTRATE JUDGE METHVIN |

## ORDER REQUIRING RULE 7(a) REPLY

In this §1983 civil rights suit, plaintiff has sued defendants Michael W. Neustrom and Rob Reardon in their individual capacity. In the answer, the defendants pleads qualified immunity. The undersigned has therefore conducted an evaluation of plaintiff's complaint to determine whether it meets the applicable heightened pleading requirement. *See* Schultea v. Wood, 47 F.3d 1427, (5th Cir. 1995); Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).

Plaintiffs allege that on January 10, 2005 their son, Jonathan Robert Sellers, was incarcerated at the Lafayette Parish Correctional Center ("LPCC"), which is operated by the Lafayette Parish Sheriff's Office. While Jonathan Sellers was awaiting a disciplinary hearing in an isolation cell, he hung himself with a bed sheet. Plaintiffs allege that Jonathan Sellers' death

was caused by defendants' failure to properly monitor inmates and the failure to place inmates who are under a suicide watch in a proper cell.[1]

Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). One of the purposes of the qualified immunity defense is "avoidance of disruptive discovery" unless and until the plaintiff puts forward "specific, nonconclusory factual allegations" which would overcome the defense. Siegert v. Gilley, 500 U.S. 226, 236, 111 S.Ct. 1789, 1795 (1991) (Kennedy, J., concurring).

In Schultea, the Fifth Circuit addressed the tension between a plaintiff's right to notice pleading under Rule 8(a) and a government official's right to invoke the protection of the qualified immunity defense against the burden and expense of discovery. The court held that a district court may require a civil rights plaintiff to reply to an assertion of qualified immunity pursuant to Rule 7(a).[22] Schultea, 47 F.3d at 1433-1434. District courts interpret this as more than a suggestion. "Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." Id. at 1434. Discovery may be banned at this stage, or limited to the issue of qualified immunity. "The

---

[1] There is no allegation that Jonathan Sellers was under a suicide watch.
[22] Rule 7(a) provides as follows:

(a) **Pleadings.** There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." Id.

The Schultea rule "is an instantiation of the more general principle that 'heightened pleading' is needed in qualified immunity cases." Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir.1999). "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injuries." Reyes 168 F.3d at 161, *citing* Wicks v. Mississippi State Employment Services, 41 F.3d 991, 995 (5 th Cir.1995).

Accordingly, when an officer or other official sued in his or her personal capacity asserts a qualified immunity defense in a civil rights action, the plaintiff must support his or her claim "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995).

**IT IS HEREBY ORDERED** that within twenty (20) days of the date of this order, the plaintiff shall file a reply to the qualified immunity defense pled by the defendants, Michael W. Neustrom and Rob Reardon. <u>The reply must allege with specificity whether Jonathan Sellers was a pre-trial detainee or a convicted prisoner, the constitutional rights that were violated, the facts that support these allegations, the persons involved in these alleged violations, and the reasons that the asserted defense of qualified immunity is inapplicable.</u>

**IT IS FURTHER ORDERED** that defendants shall not file any response to plaintiff's reply; any response filed will be disregarded. The purpose of this order is to determine whether

4

discovery should be banned or limited pending the filing by defendants of a motion to dismiss under Rule 12(b), or, alternatively, a motion for summary judgment. This process does not absolve defendant(s) from filing a timely motion to dismiss or motion for summary judgment on the qualified immunity issue.

Signed at Lafayette, Louisiana on this 15th day of June, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140      FAX 593-5155

COPY SENT:
DATE: 6/16/06
BY: CW
TO: MEM

mem: C:\wpdocs\cgg\Civil Rights\052244.Sellers.Rule7a.order.NEW.wpd6/14/06